Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>EFRAÍN RAMOS FIGUEROA<br><br>Peticionario | KLCE202301106 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso número:<br>G LA2020G0053<br>G LA2020G0054<br><br>Sobre:<br>Art. 5.01 de la Ley de Armas |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

Comparece ante esta Curia la parte peticionaria, Efraín Ramos Figueroa, y nos solicita que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 18 de julio de 2023*,* notificada el 24 del mismo mes y año. Mediante su dictamen, el foro *a quo* declaró No Ha Lugar una solicitud para la devolución de huellas y fotografías digitales, promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca el dictamen recurrido. Veamos.

**I**

El presente caso tuvo su génesis, el 10 de agosto de 2020, con la presentación de cargos en contra de Efraín Ramos Figueroa (Ramos Figueroa o peticionario) por la presunta comisión de delitos graves.[1] Luego de varias incidencias procesales, el 20 de julio de 2021, el Tribunal de Primera Instancia emitió una sentencia, posteriormente enmendada,

---

[1] Anejo 3 del recurso, pág. 11. Véase, además, Anejo 1 del recurso, págs. 1-2.

Número Identificador

SEN2023 _____

mediante la cual desestimó las acusaciones en contra de Ramos Figueroa por violación al derecho a juicio rápido.[2]

Posteriormente, el 23 de junio de 2022, Ramos Figueroa, por derecho propio, sometió una moción ante el foro primario en la cual solicitó la devolución de huellas y fotografías digitales tomadas a su persona por habérsele imputado la comisión de delitos graves.[3] En desacuerdo, el Ministerio Público se opuso por escrito y, evaluadas las posturas de las partes, el 18 de agosto de 2022, el foro *a quo* declaró la referida solicitud No Ha Lugar. Concluyó que no estaban presentes ninguna de las circunstancias por las que debía ordenar la devolución solicitada.

Así las cosas, el 10 de julio de 2023, la representación legal de Ramos Figueroa instó una *Moción en Solicitud de Órdenes*.[4] En esta, indicó que habían transcurrido más de cinco (5) años desde la fecha de los hechos imputados, por lo cual los cargos desestimados no podían ser sometidos nuevamente. En virtud de ello, solicitó que se le ordenara al Negociado de la Policía de Puerto Rico (Policía) la eliminación o devolución de las fotografías y huellas dactilares y que se suprimiera la publicidad de la información en el portal electrónico del Poder Judicial de Puerto Rico. Igualmente, peticionó la eliminación de información sobre los siguientes sistemas: Automated Fingerprint Identification System, Computer Aid Dispatcher, Registro Electrónico de Armas y Licencias, Registro de Querellas, Sistema de Información Sensitivo y de Crimen Organizado, Arrestos Especiales, Crimen Cibernético, Investigación e Información Criminal, Antecedentes Penales Convicciones, Real Time Crime Center; License Plate Reader System, Registro Criminal Integrado, Departamento de Corrección y la Administración de Compensaciones por Accidentes de Automóviles.

Atendida la moción, el 18 de julio de 2023, notificada el 24 del mismo mes y año, el foro recurrido la declaró No Ha Lugar e instruyó que se viera

---

[2] Anejo 2 del recurso, págs. 3-10.
[3] Anejo 3 del recurso, pág. 11.
[4] Anejo 4 del recurso, págs. 13-14.

la *Resolución* emitida el 18 de agosto de 2022.[5] Concluyó que, el hecho de que el Estado retuviera las huellas y fotografías de Ramos Figueroa en nada afectaba sus intereses o derechos. Determinó que la información se mantenía confidencial en los archivos de la Policía. Señaló que esta no sería divulgada como parte del récord de arresto o certificado de conducta.

Insatisfecho, el 3 de agosto de 2023, Ramos Figueroa presentó una *Moción en Solicitud de Reconsideración*.[6] Sostuvo que el Artículo 4 de la Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec. 1154, disponía para la devolución de fotografías y huellas cuando mediara una orden o resolución del tribunal absolviendo a la persona acusada. Sobre ese particular, argumentó que, el efecto de la *Resolución* desestimando los cargos en su contra, así como el transcurso del término prescriptivo del delito, equivalían a una absolución. Arguyó que, debido a ello, en el presente caso no existían circunstancias especiales, debidamente justificadas, para que la Policía retuviera sus fotografías y huellas, sobre un caso que no prosperó, que no existe y que no podía ser sometido nuevamente a la consideración del foro primario. Por tanto, solicitó la reconsideración de la determinación y que se ordenara a la Policía la eliminación o devolución de sus fotografías y huellas. Además, solicitó que se ordenara a la Directoría de Informática de la Oficina de Administración de los Tribunales (OAT) suprimir la publicidad de la información de este en el portal electrónico del Poder Judicial de Puerto Rico.

El 14 de agosto de 2023, notificada el 17 del mismo mes y año, el foro de instancia emitió una *Resolución y Orden*.[7] Mediante esta, ordenó al Director de la OAT a suprimir la publicidad de la información relacionada a los casos de epígrafe contenida en la pantalla *Consulta de Casos*, a través del portal de internet del Poder Judicial.

---

[5] Anejo 5 del recurso, págs. 15-16.
[6] Anejo 6 del recurso, págs. 17-19.
[7] Anejo 7 del recurso, págs. 20-21.

En respuesta, el 1 de septiembre de 2023, Ramos Figueroa sometió una *Moción en Relación a Solicitud de Reconsideración*, en la cual indicó que, en la determinación anterior, nada se dispuso sobre su solicitud de devolución de las huellas y fotografías.[8] Por ello, reiteró dicho petitorio.

Evaluado lo anterior, el 5 de septiembre de 2023, notificada el 7 del mismo mes y año, el Tribunal de Primera Instancia emitió una *Resolución y Orden* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[9]

Inconforme con el referido dictamen, el 6 de octubre de 2023, la parte peticionaria comparece ante esta Curia mediante el presente recurso de *certiorari* y le imputa al foro primario la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Guayama, al declarar No Ha Lugar la solicitud de devolución de fotos y huellas, cuando los cargos presentados fueron desestimados, de manera final y firme y cuando los delitos imputados están prescritos.

En cumplimiento con nuestra *Resolución* del 23 de octubre de 2023, y concedida una prórroga a esos efectos, el 7 de noviembre de 2023, la Oficina del Procurador General, en representación del Pueblo de Puerto Rico (recurrido), compareció mediante *Escrito en Cumplimiento de Orden*.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II

## A

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 3491; *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. *Íd.*; *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Sin embargo, esa

---

[8] Anejo 8 del recurso, pág. 22.
[9] Anejo 9 del recurso, págs. 23-24.

discreción no es irrestricta. *Íd.* Así, el Tribunal Supremo de Puerto Rico ha expresado que los jueces, so pretexto de ejercer su discreción, no pueden olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia. De esa forma, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, fija unos criterios para que el tribunal revisor intermedio ejerza prudentemente su discreción al decidir si atiende en los méritos el recurso. *Íd.* La referida Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

La deferencia que se le confiere al foro primario descansa en un marco de discreción y razonabilidad. *Pueblo v. Rivera Montalvo*, supra, pág. 373. En ese sentido, esa discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Íd.* Los tribunales revisores podremos sustituir el criterio que utilizó el foro primario por el nuestro únicamente cuando existen circunstancias extraordinarias en las que se pruebe que el foro primario actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error

manifiesto o de derecho. *Íd.* Un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna. *Pueblo v. Rivera Montalvo*, supra, pág. 374, citando a *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013). Por otro lado, un tribunal puede incurrir en abuso de discreción cuando el juez: (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Íd.*; *Pueblo v. Sanders Cordero*, 199 DPR 827, 841 (2018), citando a *Pueblo v. Custodio Colón*, 192 DPR 567, 588-589 (2015). Por último, un juzgador incurre en error manifiesto que justifica la intervención del tribunal apelativo cuando la apreciación de la prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble. *Íd.*, citando a *Pueblo v. Irizarry*, 156 DPR 780, 816 (2002).

**B**

Sabido es que la toma de fotografías y huellas dactilares a las personas detenidas para responder de un delito constituye una práctica aceptable en la labor investigativa de la policía. Dicha práctica tiene un propósito dual: por un lado, identificar a la persona que incurrió en el acto delictivo; y por otro, ayudar a su procesamiento si reincidiera. *Pueblo v. Torres Albertorio*, 115 DPR 128 (1984); *Archevali v. E.L.A.*, 110 DPR 767, 771 (1981).

La Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec. 1151 *et seq.* (Ley Núm. 45-1983), específicamente establece lo relativo a la práctica de la toma de huellas digitales y fotografías. Este estatuto autoriza al Superintendente de la Policía o cualquier persona autorizada por este a

tomar las huellas digitales y fotografías a cualquier persona que, previa determinación de causa probable para arresto, se le impute la comisión de un delito grave. 25 LPRA sec. 1151.

En lo atinente, el Artículo 4 de la Ley Núm. 45-1983, 25 LPRA sec. 1154, dispone que cualquier persona a la que se le impute la comisión de un delito grave o menos grave producto de una misma transacción o evento que resulte absuelta luego del juicio correspondiente, o por orden o resolución del tribunal o toda persona que reciba un indulto total y absoluto del Gobernador, podrá solicitar al tribunal la devolución de las huellas digitales y fotografías. El peticionario notificará al Ministerio Público y, de este no presentar objeción dentro del término de diez (10) días, el tribunal podrá ordenar, sin vista, la devolución solicitada. De haber objeción del Ministerio Público, el tribunal señalará vista pública a esos efectos. 25 LPRA sec. 1154.

En dicha vista, corresponde al Fiscal presentar prueba convincente, que existen circunstancias especiales que ameriten que la Policía conserve, en cuanto a la persona afectada, las huellas digitales y fotografías que le hubieren sido tomadas. En las ocasiones en que luego de la vista se concluya que la información debe mantenerse en los archivos de la Policía, deberá ser guardada como confidencial, para uso exclusivo de la Policía, y no deberá divulgarse como parte del récord de arresto o certificados de conducta de la persona. *Pueblo v. Ortiz Martínez*, 123 DPR 820, 832-833 (1989); *Pueblo v. Torres Albertorio*, supra, págs. 136-137.

Ahora bien, el Tribunal Supremo de Puerto Rico ha expresado que, el Artículo 4 de la precitada ley, "parece dejar a la discreción del tribunal la decisión sobre devolver al imputado absuelto las huellas digitales y fotografías tomadas". *Pueblo v. Torres Albertorio*, supra, pág. 136. No obstante, tal discreción no puede ejercerse livianamente "[a]nte el reconocimiento constitucional de la inviolabilidad de la dignidad del ser humano y del derecho a la protección de su intimidad". *Íd.* Por lo tanto, el foro de instancia podrá denegar la solicitud únicamente cuando se

justifique, mediante prueba convincente, que existen circunstancias especiales que ameriten que la Policía conserve las huellas digitales y fotografías tomadas. *Íd.*

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria sostiene que el Tribunal de Primera Instancia incidió al declarar No Ha Lugar su solicitud de devolución de fotografías y huellas, aun cuando los cargos presentados en su contra fueron desestimados y los delitos imputados están prescritos. Por otro lado, la parte recurrida se opone a la devolución de las huellas y fotografías, toda vez que, según alega, Ramos Figueroa no acreditó haber notificado al Ministerio Público dicho petitorio, ni el foro primario solicitó su comparecencia. Plantea que el incumplimiento con el requisito de notificación lo privó de expresarse en torno a la mencionada solicitud, acceder a ella o demostrar que existían circunstancias especiales que ameritaban que la Policía conservara las huellas y fotografías.

Hemos evaluado cuidadosamente el expediente ante nuestra consideración y entendemos que, conforme a la normativa aplicable, tenemos autoridad para atender el asunto ante nuestra consideración en aras de evitar un fracaso a la justicia. De igual forma, el recurso ante nos cumple con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, por lo que procede expedir el auto de *certiorari* y revocar el dictamen recurrido. Nos explicamos.

Sabido es que, una solicitud al amparo del Artículo 4 de la Ley Núm. 45-1983, *supra*, requiere la notificación al Ministerio Público para que este, de entenderlo necesario, se oponga. De no presentar objeción dentro del término de diez (10) días, el tribunal podrá ordenar, sin vista, la devolución solicitada. Ahora bien, de haber objeción del Ministerio Público, el tribunal señalará una vista pública a esos efectos.

Surge del expediente ante nos que la *Moción en Solicitud de Órdenes* presentada por la parte peticionaria al amparo del citado articulado no contiene una certificación de notificación al Ministerio Público, según requerido por nuestro ordenamiento jurídico vigente. De igual forma, tampoco surge de los documentos que tenemos a nuestro haber alguna comparecencia del Ministerio Público durante las incidencias procesales desde la presentación de dicho petitorio. Por tanto, la parte recurrida no tuvo la oportunidad de expresar su parecer sobre la solicitud de devolución de fotografías y huellas instada por la parte peticionaria.

Ante dicho escenario fáctico, en aras de salvaguardar el propósito principal de la Ley Núm. 45-1983, *supra*, y su jurisprudencia interpretativa, así como para evitar un fracaso a la justicia, concluimos que el Tribunal de Primera Instancia incidió en su proceder, por lo que se hace necesaria nuestra intervención en esta etapa de los procedimientos, pues procedía solicitar la comparecencia del Ministerio Público para que expresara su postura sobre el petitorio de Ramos Figueroa. Por consiguiente, y al amparo de lo dispuesto en nuestro ordenamiento jurídico, procede expedir el auto de *certiorari*, revocar el dictamen recurrido y devolver el caso al foro *a quo* para que celebre una vista pública con la comparecencia de ambas partes para que expongan sus posturas en cuando a la solicitud en cuestión.

**IV**

Por los fundamentos que anteceden, expedimos el auto solicitado y revocamos el dictamen recurrido. En su consecuencia, devolvemos el presente caso al foro de origen y ordenamos la celebración de una vista pública con la comparecencia de ambas partes, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones