CARMEN A. ARCHEVALI SCHUCK, demandante y recurrida, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* R-80-187      *Resuelto:* 24 de marzo de 1981

*Héctor A. Colón Cruz, Procurador General, Justo Gorbea Varona, Procurador General Interino, y Josefa A. Román García, Procuradora General Auxiliar,* abogados del recurrente; la recurrida compareció por derecho propio.

PER CURIAM: El 24 de julio de 1978 la Sra. Carmen A. Archevali Schuck fue arrestada por un caso de expedir cheques sin fondos, Art. 264 del Código Penal, 33 L.P.R.A. sec. 4551, Criminal Núm. 77-1686, y dos casos de desacato criminal, Criminal Núms. 77-2058 y 78-689. Ese mismo día fue conducida por tres agentes del Negociado de Investigaciones Criminales al Cuartel de la Policía.

En el Cuartel General se le tomaron fotografías, huellas digitales y datos personales tales como el nombre de sus padres, el nombre de sus hijos, fecha y lugar de nacimiento, número del Seguro Social, número de miembro del Colegio de Abogados, peso, estatura y descripción de lunares en la cara.

Finalmente, fue llevada ante el Juez Antonio L. Corretjer, en el Centro Judicial de Hato Rey, quien le informó a la arrestada que se trataba de un caso de cheques sin fondos y un desacato. El magistrado procedió a dejarla en libertad, eliminando la fianza que se le había señalado previamente.

Celebrado el juicio en el Tribunal de Distrito, Sala de Mayagüez, la imputada fue declarada culpable del delito de expedir cheques sin fondos. Oportunamente, la señora Archevali presentó escrito de apelación en el Tribunal Superior, Sala de Mayagüez. Estando pendiente la apelación ante dicha Sala, la imputada acudió al Tribunal Superior, Sala de Ponce, con una petición de *mandamus*, para que el tribunal ordenara al Secretario de Justicia y al Superintendente de la Policía que procedieran con la eliminación del "ficheo" a que había sido sometida y le devolvieran los documentos pertinentes.

El 11 de junio de 1979 compareció el demandado-recurrente oponiéndose a que se expidiera el auto. A su vez, la demandante-recurrida radicó una moción oponiéndose a la radicada por el demandado-recurrente. El tribunal de instancia declaró sin lugar la moción de oposición radicada por el demandado-recurrente.

El 14 de marzo de 1980 el tribunal de instancia declaró con lugar el recurso y en consecuencia ordenó que se le entregaran a la demandante las fotografías, huellas digitales e información personal que le fue tomada el 24 de julio de 1978.

No conforme con el dictamen, el Estado ha recurrido ante nosotros mediante recurso de revisión alegando que:

Erró el Tribunal de instancia al ordenar al Superintendente de la Policía de Puerto Rico y al Secretario de Justicia entregar

a la demandante-recurrida las fotografías, las huellas digitales y la información personal que se le tomó el 24 de julio de 1978.

No se llevó a la consideración del tribunal de instancia prueba de la convicción de la demandante, ni de que se hubiese determinado no procesarla o de que ésta hubiese sido absuelta.

El Procurador General nos pide que, conforme a la Regla 11 de Evidencia, tomemos conocimiento judicial de la sentencia dictada por el Tribunal de Distrito, Sala de Mayagüez, en el caso *Pueblo* v. *Carmen A. Archevali* y de la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, confirmando la dictada por el antes mencionado Tribunal de Distrito en el mismo caso.

La demandante-recurrida se opone a lo solicitado por el Procurador General, alegando que ese caso es totalmente independiente del que nos ocupa y que el mismo nunca estuvo bajo consideración del Tribunal Superior ni de este Tribunal.

El 18 de noviembre de 1980 se presentó ante este Tribunal recurso de *certiorari*, para revisar la sentencia confirmada por el Tribunal Superior, Sala de Mayagüez. Mediante nuestra Resolución del 9 de diciembre de 1980, Núm. O-80-638, declaramos no haber lugar a dicho recurso. La sentencia se ha convertido en final y firme.

■ La Regla 11 de Evidencia establece, en lo pertinente, que los tribunales podrán tomar conocimiento judicial de hechos que no son razonablemente objeto de controversia por ser susceptibles de determinación inmediata y exacta, recurriendo a fuentes cuya exactitud no puede ser razonablemente cuestionada.

■ Es un hecho que no es razonablemente objeto de controversia que la demandante-recurrida fue convicta por el delito de expedir cheques sin fondos. Por tanto, tomamos conocimiento judicial de tal hecho. Véase *McCormick's Handbook of the Law of Evidence*, 2da ed., Minnesota, West Publishing Co., 1972, Sec. 330, págs. 763 a 766.

Anteriormente hemos transcrito el señalamiento de error que hace el peticionario.

Es ya antiguo, conocido y aceptado el uso de las huellas digitales como forma de identificar a las personas. Se ha sostenido generalmente que la toma de huellas digitales y de fotografías son procedimientos usuales y necesarios para la labor de la Policía en protección de la seguridad pública y en la persecución del crimen. *People* v. *McInnis*, 494 P.2d 690, 692 (1972); *Shaffer* v. *United States*, 24 App. D.C. 417 (1904), *cert. denied*, 196 U.S. 639 (1905).

En muchas jurisdicciones se ha sostenido que esa práctica de tomar huellas digitales y fotografías de los acusados y de los convictos está autorizada implícitamente en los deberes y facultades de la Policía. (¹)

■ Habiendo sido declarada culpable la recurrida del delito imputado, no procede la devolución del récord de investigación, ni las fotografías ni la huellas digitales. Esa información es útil para el Estado en caso de que la recurrida reincida en otros delitos. *United States* v. *Schnitzer*, 567 F.2d 536, 539 (1977), *cert. den.* 435 U.S. 907; *Herschel* v. *Dyra*, 365 F.2d 17, 20 (7th Cir.), *cert. den.* 385 U.S. 973 (1966); *Purdy* v. *Mulkey*, Fla., 228 So.2d 132 (1969).

■ En este caso no procedía el recurso de *mandamus*. No se trataba de un deber ministerial expreso y ordenado por la

---

(¹)*United States* v. *Laub Baking Co.*, 283 F.Supp. 217 (N.D. Ohio 1968); *United States* v. *Krapf*, 180 F.Supp. 886 (D.N.J. 1960), aff'd., 285 F.2d 647 (3d Cir. 1961); *United States* v. *Kelly*, 55 F.2d 67 (2nd Cir. 1932); *Shannon* v. *State*, 207 Ark. 658, 182 S.W.2d 384 (1944); *Owensby* v. *Morris*, 79 S.W.2d 934 (Tex. Civ. App. 1935); *Gilbert* v. *United States*, 366 F.2d 923 (9th Cir. 1966); *Kolb* v. *O'Connor*, 14 Ill. App.2d 81, 142 N.E.2d 818 (1957); *Retention and Dissemination of Arrest Records: Judicial Response*, 38 Chicago Law Review 850 (1970–71); Michael M. McGloin, *Case Comments, Criminal Law—Constitutional Law—The F.B.I.'s Right to Retain and Disseminate Arrest Records of Persons Not Convicted of a Crime May Be Limited by the First and Fifth Amendments*, 46 Notre Dame Law. 825 (1971); *Criminal Procedure: Expungement of Arrest Records*, 62 Minn. L. Rev. 229 (1978); Karen Ann Henson, Note, *Criminal Procedure Expunction—Fact or Fiction?*, 31 Okla. L. Rev. 978 (1978).

772

ley. *Alvarez de Choudens* v. *Tribunal Superior*, 103 D.P.R. 235, 242 (1975).

El Juez Asociado Señor Irizarry Yunqué no intervino.