ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ LUIS PACHECO ACEVEDO, *Ex parte,* Peticionaria. | KLCE20240902 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez. Civil núm.: MZ2024CV00917. Sobre: eliminación de récord criminal. |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

El 16 de agosto de 2024, el señor José Luis Pacheco Acevedo (señor Pacheco Acevedo) presentó este recurso con el fin de que revisemos la *Resolución*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 24 de junio de 2024, notificada al día siguiente.

La solicitud del peticionario gira en torno a la devolución de las fotos y huellas dactilares, que le fueron tomadas como parte del proceso criminal que culminó en su convicción. Además, solicita que se elimine toda y cualquier información relacionada con los delitos por los que fue convicto que constara en las bases de datos del Estado; específicamente, en el Negociado de la Policía de Puerto Rico y en el Departamento de Justica[2].

Su petición está basada en las disposiciones de la Ley Núm. 143-2014, según enmendada, conocida como *Ley del protocolo para garantizar la comunicación efectiva entre los componentes de seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia*

---

[1] *Véase*, apéndice del recurso, a la pág. 23-26.

[2] En su petición, el señor Pacheco Acevedo solicitó, además, que el tribunal ordenara a la Directoría de Informática de la Oficina de Administración de los Tribunales que eliminase del portal de consulta de casos del Poder Judicial toda alusión a los casos criminales llevados en su contra. *Véase*, apéndice del recurso, a la pág. 3, alegación núm. 11. **Apuntamos que en el procedimiento seguido ante el foro primario no se notificó o incluyó como parte a la Oficina de Administración de los Tribunales**.

Número identificador

RES2024_____

*Criminal*, 4 LPRA sec. 533-533k (Ley Núm. 143); así como en la Ley Núm. 45-1983, según enmendada, intitulada *Ley de huellas digitales y fotografías por delito grave*, 25 LPRA sec. 1151-1155 (Ley Núm. 45)

En su *Resolución* fundamentada, el foro primario denegó la petición del señor Pacheco Acevedo. El tribunal concluyó que el Art. 4 de la Ley Núm. 45, 25 LPRA sec. 1154, así como lo resuelto por el Tribunal Supremo de Puerto Rico en *Archevali v. E.L.A.*, 110 DPR 767 (1981), solo proveen para la devolución de las fotografías y las huellas dactilares de un imputado de delito cuando su **absolución** sea decretada por un tribunal[3].

En cuanto a la solicitud del señor Pacheco Acevedo relacionada con la Ley Núm. 143, el tribunal concluyó que tal eliminación de las bases de datos del Estado, incluido el Poder Judicial, resultaba improcedente.

Por su parte, el 6 de septiembre de 2024, el Estado, por conducto de la Oficina del Procurador General, presentó su oposición a la expedición del recurso. En síntesis, el Estado arguyó que el señor Pacheco Acevedo no había planteado error alguno que justificara la expedición del recurso discrecional de *certiorari*. Además, abundó sobre la corrección de la determinación tomada por el foro primario.

Examinados ambos escritos y el derecho aplicable, denegamos la expedición del auto.

I

El 4 de marzo de 2003, el señor Pacheco Acevedo fue declarado culpable y convicto por los delitos tipificados en la hoy derogada Ley Núm. 404-2000, conocida como la *Ley de Armas de Puerto Rico (2000)*, 25 LPRA 455-460k[4].

Años después de cumplida su sentencia, y tras no incurrir en delitos posteriores, el señor Pacheco Acevedo acudió al Tribunal de Primera

---

[3] El Art. 4 de la Ley Núm. 45 también aplica a aquella persona convicta que haya recibido del Gobernador un **indulto total y absoluto**.

[4] *Véase*, apéndice del recurso, a la pág. 1. Las secciones de ley infringidas por el peticionario fueron las siguientes: Art 5.04, Art, 5.06 y Art. 6.01, 25 LPRA sec. 458c, 458e y 459, respectivamente.

Instancia, Sala Superior de Mayagüez, para solicitar la eliminación de sus antecedentes penales[5].

Luego de varios eventos procesales, el señor Pacheco Acevedo indicó que no existía controversia en cuanto a que su certificado de antecedentes penales no reflejaba los delitos cometidos[6]. Por tanto, la única controversia a ser dilucidada era si procedía o no la devolución de sus huellas digitales y de las fotografías que formaban parte de su récord criminal, una vez las condenas impuestas fueron extinguidas.

En su recurso ante nos, apuntó la comisión de los siguientes errores:

Erró el TPI al declarar No Ha Lugar la solicitud de devolución de fotos y huellas del compareciente, en contravención a las disposiciones de la Ley 143 de 26 de agosto de 2014.

Erró el TPI al declarar No Ha Lugar la solicitud de devolución de fotos y huellas, amparándose en lo resuelto en Pueblo v. Torres Albertorio, 115 DPR 128 [1984] y Archevali v. ELA, 110 DPR 771 (1981).

Erró el TPI al no ordenar la eliminación de los casos del portal cibernético del Poder Judicial.

(Énfasis omitido).

Cual mencionado, el 6 de septiembre de 2024, el Estado compareció y se opuso a la expedición del auto. Apuntó que la retención de las fotografías y las huellas dactilares de las **personas convictas de delito** es válida, no vulnera derecho constitucional alguno y, por el contrario, esa información resulta útil para el Estado en caso de que la persona reincida en otros delitos. Ello, conforme claramente lo dispone el Art. 4 de la Ley Núm. 45, 25 LPRA sec. 1154, y cual fuera validado por el Tribunal Supremo de Puerto Rico en *Archevali v. E.L.A.*

II

Conforme a lo dispuesto en la Regla 32(d) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de

---

[5] La petición para la eliminación del récord criminal fue presentada el 5 de junio de 2024. *Véase*, apéndice del recurso, a las págs. 1-17.

[6] *Íd.*, a la pág. 22; este documento constituye copia del certificado negativo de antecedentes penales, emitido por el Negociado de la Policía el 21 de junio de 2024.

Primera Instancia se formalizarán mediante la presentación de una solicitud de *certiorari*, dentro del término jurisdiccional de 30 días, computado a partir del archivo en autos de copia de la notificación de la resolución final recurrida. Por tanto, el análisis que se impone es el correspondiente al recurso discrecional de *certiorari*.

Como es sabido, distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o **denegándolo**. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Es decir, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

III

Evaluada la petición del señor Pacheco Acevedo, así como la oposición del Estado, y a la luz del derecho vigente, este Tribunal concluye que no se nos ha persuadido de que el foro primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Por tanto, nuestra intervención en este asunto no se justifica.

IV

A la luz de lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones