Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOEL VILLANUEVA MORALES<br><br>PETICIONARIO<br><br><br>EX PARTE | KLCE202500339 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil Núm.: GB2023CV00109<br><br>Sobre: Eliminación de Antecedentes Penales |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2025.

Comparece ante nos, Joel Villanueva Morales (en adelante, "el peticionario"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Resolución*" emitida y notificada el 6 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo. En dicha "*Resolución*" el foro recurrido declaró *No Ha Lugar* la "*Moción en Solicitud de Ordenes*," presentada por el peticionario. Mediante esta, el peticionario había solicitado que se eliminaran de los archivos estatales las fotos y huellas que le fueron tomadas como parte de procesos criminales en los cuales éste resultó convicto.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* presentado, y con ello *confirmamos* la "*Resolución*" recurrida.

**I.**

El Peticionario fue imputado de delitos. Tras éste haber realizado alegación de culpabilidad, el 23 de agosto de 2006, el tribunal de instancia emitió dos sentencias en su contra en los casos KIC2006M0018 y KLA2006G0188. La primera de ellas, por infracción al Artículo 123 del

Código Penal de Puerto Rico del año 2004, 33 LPRA sec. 4751. En dicha sentencia, el tribunal de instancia le impuso al peticionario una multa individualizada de doscientos dólares ($200.00) y una pena especial de cien dólares ($100.00). En la segunda sentencia, fue declarado convicto por infringir el Artículo 5.04 de la derogada Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA sec. 458c. Ante ello, el foro recurrido, le condenó a un (1) año de cárcel y le impuso una pena especial de cien dólares ($100.00). Se ordenó que el peticionario cumpliera la referida convicción mediante el mecanismo de sentencia suspendida dispuesto en la Ley de Sentencia Suspendida y Libertad a Prueba, Ley Núm. 259 de 3 de abril de 1946, 34 LPRA sec. 1026 et seq.

Así las cosas, el 8 de febrero de 2023, el peticionario compareció ante el foro recurrido y presentó "*Petición Ex Parte Solicitando la Eliminación de Convicción del Certificado de Antecedentes Penales.*"[1] Mediante esta, solicitó la referida eliminación de convicciones a tenor de lo dispuesto en la Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales, Ley Núm. 254 de 27 de julio de 1974, 34 LPRA sec. 1725a-2. Sobre el particular, indicó que gozaba de buena reputación y que no había cometido delito alguno dentro del término requerido de cinco (5) años, luego de cumplida su sentencia.

Tras presentada la postura del Ministerio Público, el 20 de octubre de 2023, el foro recurrido notificó "*Resolución Enmendada.*" Mediante esta, ordenó que los delitos de los casos KIC2006M0018 y KLA2006G0188, por los cuales el peticionario había sido sentenciado, se eliminaran del récord de antecedentes penales y de la pantalla de consulta de casos del Poder Judicial.

Posteriormente, el 28 de febrero de 2025, el peticionario compareció nuevamente ante el foro recurrido y presentó "*Moción en Solicitud de Ordenes.*" Peticionó que se eliminaran de los récords penales

---

[1] Originalmente, el peticionario solicitó la eliminación del delito menos grave (Armas Neumáticas), por el cual fue sentenciado en el caso KLA2006G0188. Posteriormente, a través de "*Moción en Cumplimiento de Orden*" del 17 de febrero de 2023, aclaró que también peticionaba la eliminación del delito dispuesto en el Artículo 123 del Código Penal de 2004, *supra* por el cual fue sentenciado en el caso KIC2006M0018.

las fotos y huellas que les fueron tomadas durante el procedimiento criminal de los casos KIC2006M0018 y KLA2006G0188. Entiende que, al haber sido sentenciado por delitos menos graves, los efectos de dichas sentencias se retrotraen al momento de los hechos, lo que conlleva a que la toma de huellas y fotos sea improcedente. Además, sostuvo que no procedía la retención de sus fotos y huellas cuando sus convicciones fueron eliminadas de los récords criminales. Por consiguiente, solicitó la referida eliminación de fotos y huellas al amparo de la Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal, Ley Núm. 143-2014, según enmendada, 4 LPRA sec. 533e. Así pues, peticionó que se le ordenara a la Policía de Puerto Rico que elimine de los registros sus fotos y huellas.

En atención a la solicitud del peticionario, el 6 de marzo de 2025, el foro recurrido notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Moción en Solicitud de Ordenes.*" Expresó, que no tenía nada que proveer sobre dicha solicitud por ésta ser una exógena a la "*Resolución Enmendada*," ya final y firme. Además, esbozó que la devolución de huellas y fotos solo procede en los casos de absolución o indulto, de conformidad con la Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec. 1151 et seq.

En desacuerdo, oportunamente el 20 de marzo de 2025, el peticionario presentó "*Moción de Reconsideración.*" El referido petitorio fue denegado por el foro recurrido en fecha de 21 de marzo de 2025.

Aun en desacuerdo, el 4 de abril de 2025, el peticionario presentó ante esta Curia un recurso de "*Certiorari.*" Mediante este, esbozó los siguientes señalamientos de error:

> Erró el TPI al denegar la solicitud de devolución de fotos y huellas del aquí compareciente, cuando las convicciones eliminadas fueron por delitos menos graves, los cuales no conllevan la toma de fotos y huellas.

Erró el TPI denegar la solicitud de devolución de fotos y huellas del compareciente, en contravención a las disposiciones de la Ley 143 de 26 de agosto de 2014.

**II.**

**A.**     **Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

**A.**     Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.**     Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.**     Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.**     Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.**     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.**     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.**   Si la expedición del auto o de la orden de mostrar causa evita    un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**B.   Eliminación de Huellas Digitales, Fotografías y Antecedentes Penales**:

La eliminación de antecedentes penales por delito grave se rige por la Ley Núm. 274 de 27 de julio de 1974, *supra*. A esos efectos, el Artículo 4 de la referida legislación establece lo siguiente:

> Toda persona que haya sido convicta de un delito grave que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores ni al Registro de Personas Convictas por Corrupción, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, siempre que concurran las siguientes circunstancias:
>
> (a)   que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno;
>
> (b)   que tenga buena reputación en la comunidad; y
>
> (c)   que se haya sometido a la muestra requerida por la Ley del Banco de Datos de ADN, de estar sujeta a ello.
>
> El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista. 34 LPRA sec. 17251-2.

Por su parte, la toma y manejo de huellas digitales y fotografías en casos criminales se rige por la Ley Núm. 45 de 1 de junio de 1983, *supra*. Esta legislación se adoptó con el objetivo de establecer en forma general y explícita lo relativo a la práctica de la toma de huellas digitales y fotografías por parte de la policía. *Exposición de Motivos* Ley Núm.45-1983, supra. En su Art. 1 el referido estatuto dispone lo siguiente:

> El Superintendente de la Policía, el Director del Negociado de Investigaciones Especiales del Departamento de Justicia, o cualquier persona autorizada por éstos, o cualquier persona autorizada por Ley a esos efectos, deberá tomarle las huellas digitales y fotografiar a cualquier persona a la que, previa determinación de causa probable para arresto, se le impute la comisión de un delito grave.
> 25 LPRA sec. 1151.

De otra parte, el Art. 4 de la Ley Núm. 45 de 1 de junio de 1983, *supra*, establece quiénes pueden solicitar la devolución de las huellas digitales y fotografías tomadas al amparo de este estatuto. Sobre el particular, dispone lo siguiente:

Cualquier persona a la que **se le impute la comisión de su delito grave o menos grave** producto de una misma transacción o evento que resulte **absuelta** luego del juicio correspondiente, o por orden o resolución del Tribunal o toda persona que reciba un **indulto total** y absoluto del Gobernador, podrá solicitar al Tribunal, la devolución de las huellas digitales y fotografías. El peticionario notificará al Ministerio Publico y de éste no presentar objeción dentro del término de diez días, el Tribunal podrá ordenar, sin vista, la devolución solicitada. De haber objeción del Ministerio Publico, el Tribunal señalará vista pública a esos efectos. (Énfasis suplido). 25 LPRA sec. 1154.

El Tribunal Supremo ha sostenido que la toma fotografías y huellas dactilares a las personas detenidas para responder de delito es una práctica aceptable como parte de la labor investigativa de la Policía. *Archevali v. E.L.A.*, 110 DPR 767, 771 (1981). Esto ya que envuelve el doble propósito de identificar al imputado como la persona que incurrió en el acto delictivo y ayudar a su procesamiento si reincidiere. *Pueblo v. Torres Albertorio*, 115 DPR 128, 130 (1984).

No obstante, cónsono con el precitado Art.4, *supra* se ha reconocido que la retención por la Policía de las fotografías y huellas dactilares tomadas a una persona que posteriormente es **exonerada** de delito constituye un factor que afecta a la persona en el ámbito económico, educativo y laboral y, además, podría constituir, mientras no se le devuelvan, una invasión de su derecho a la intimidad. (Énfasis suplido). *Pueblo v. Torres Albertorio*, supra, pág. 135. Ahora bien, según surge del referido artículo **la devolución está limitada** para aquellos que luego de ser imputados de **delito grave o de un delito menos grave** producto de una misma transacción o evento, **resulten absueltos o reciban un indulto** por el Gobernador.

Sobre la intervención al derecho a la intimidad, nuestro ordenamiento jurídico ha reconocido que el referido derecho es de carácter fundamental y de rango constitucional. *Arroyo v. Rattan Specialties, Inc.*, 117 DPR 35, 62 (1986). Además, goza de la más alta jerarquía y forma parte de los derechos humanos. *Id.* A su vez, es un derecho que opera *ex proprio vigore* y puede levantarse entre personas privadas. *Id*, pág. 64. No obstante, el derecho de intimidad no es de carácter absoluto. *Santiago Cora v. Estado Libre Asociado de Puerto*

*Rico*, 2025 TSPR 44. La expectativa de intimidad que una persona pueda tener en circunstancias relacionadas con la comisión de un delito es limitada. *Id.* El examen que se requiere en estos casos comienza con la evaluación de la existencia de una expectativa razonable de intimidad y "si las acciones de la persona afectada demuestran inequívocamente la intención de albergar esa expectativa." *Id.* De asistirle a la persona una expectativa razonable de intimidad, se procederá a hacer un balance de intereses entre el grado de intimidad existente y los intereses apremiantes del Estado. *Id.* En lo concerniente a los asuntos relacionados a la retención de fotos y huellas, nuestro mas Alto Foro ha expresado lo siguiente:

> En esa coyuntura, la persona que extingue una sentencia criminal no alberga una expectativa razonable de intimidad frente al Estado sobre los datos de identificación accesorios a su arresto. Por un lado – en lo concerniente al proceso de toma de fotografías y huellas dactilares – no es posible reconocer a la persona arrestada una expectativa subjetiva real de que su intimidad no se afecte. Por otro lado, se trata de un proceso tan avalado y rutinario que la sociedad no considera razonable albergar una expectativa de intimidad en estas circunstancias. *Santiago Cora v. Estado Libre Asociado de Puerto Rico*, supra.

**III.**

En síntesis, el peticionario argumenta que los cargos que obraban en su contra fueron eliminados de los registros de antecedentes penales, por lo cual sostiene que también se deben eliminar las fotos y huellas que le fueron tomadas como parte de los procesos criminales. Entiende, que la retención estatal de sus fotos y huellas no procede por haber sido sentenciado bajo penas menos graves. A su vez, plantea que no existe legislación que prohíba la devolución de fotos y huellas ni que autorice su conservación por parte del Estado. No le asiste la razón.

Tras la revisión detallada y minuciosa del expediente ante nuestra consideración, concluimos *expedir* el presente auto de *certiorari* y con ello *confirmamos* la determinación recurrida.

Recientemente nuestro más Alto Foro tuvo ante su consideración una controversia similar a la que hoy nos ocupa. El referido Foro, en el caso *Santiago Cora v. Estado Libre Asociado de Puerto Rico*, supra, tuvo

la oportunidad de examinar si procedía la eliminación de las fotos y huellas del señor Santiago Cora, quien fue sentenciado a pena de multa por cometer el delito de agresión agravada, según tipificado en el Artículo 95(c) del derogado Código Penal de 1974. Posteriormente solicitó al tribunal de instancia la eliminación de sus antecedentes penales, lo cual le fue concedido. Tras la obtención del referido dictamen en su favor, procedió a requerirle a la Policía de Puerto Rico que le devolviera las fotos y huellas que les fueron tomadas como parte del proceso criminal.

Ante tales hechos, el Tribunal Supremo concluyó que no existe una obligación estatutaria de devolver las fotos y huellas a la persona que **cumplió una sentencia** por la comisión de un delito. De igual modo, determinó que el archivo de dichas fotos y huellas es útil para crímenes futuros, aun en los casos en que no exista una pena por reincidencia que imputar.

En el caso que hoy nos ocupa, el peticionario fue imputado de violar el Artículo 5.04 de la Ley de Armas, *supra*, **el cual fue <u>reclasificado</u> en su modalidad menos grave** y de infringir el Artículo 123 del Código Penal de Puerto Rico, *supra.* Posteriormente hizo alegación de culpabilidad para ambos delitos por los cuales fue sentenciado a penas de multa y una pena de cárcel, la cual término cumpliendo a través del mecanismo de sentencia suspendida. En vista de ello, no existe una obligación a tenor de la Ley Núm. 45 de 1 de junio de 1983, *supra*, de devolver o eliminar las fotos y huellas tomadas al peticionario. Esta legislación solo aplica a los casos en que la persona en cuestión sea absuelta o reciba un indulto del gobernante. Tampoco existe una disposición estatutaria que prohíba la retención estatal de fotos y huellas al amparo de los preceptos de la Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal, Ley Núm. 143 de 26 de agosto de 2014, según enmendada, 4 LPRA sec. 533 et seq. En los casos en que el

historial delictivo de una persona sea eliminado, dicha eliminación tendrá como efecto que se deban mantener de forma confidencial el archivo de sus fotos y huellas.

En lo que respecta a las garantías constitucionales, cuando una persona es válidamente arrestada su expectativa de intimidad es limitada. Esto, dado que las personas que se conducen bajo el menosprecio de la ley no tienen las mismas salvaguardas de intimidad que una persona que se conduce bajo los mandatos del ordenamiento jurídico. Ante ello, tampoco existe una obligación constitucional de eliminar o devolver las fotos y huellas del peticionario. En estos escenarios prevale el interés del Estado de conservar una base de datos que ayude a investigaciones criminales futuras y el interés estatal de promover la seguridad del país. Ahora bien, el peticionario tiene derecho a que sus fotos y huellas dactilares sean conservadas por el Estado bajo un estricto margen de confidencialidad, toda vez que sus antecedentes penales fueron debidamente eliminados.

**IV.**

Por los fundamentos que anteceden, expedimos a tenor de la Regla 40, *supra* el auto de *certiorari* presentado, y con ello *confirmamos* la "*Resolución*" recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones