Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| *Ex Parte*: | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce |
|---|---|---|
| GEORGE GOENAGAS CINTRÓN T/C/C JORGE GOENAGA CINTRÓN | KLCE202401009 | |
| | | Caso Núm. PO2024CV01552 |
| Peticionario | | Sobre: Eliminación de Antecedentes Penales |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Juez Ponente, Adames Soto

## **SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece el señor George Goenagas Cintrón (señor Goenagas Cintrón o parte peticionaria) mediante recurso de *certiorari,* solicitando la revisión de una *Resolución* emitida por el Tribunal de Primaria Instancia, Sala de Ponce (TPI), el 1 de agosto de 2024. Mediante su dictamen, el foro primario denegó la solicitud del señor Goenagas Cintrón de devolución de fotos y huellas, amparándose en las disposiciones de la Ley de Huellas Digitales y Fotografías por Delito Grave, Ley 45 del 1 de junio de 1983, según enmendada, *infra.*

## I. **Resumen del tracto procesal**

Entre los años 1993 al 1994 la parte peticionaria **fue declarada culpable y convicta** de varios delitos graves.[1]

---

[1] Del Anejo 1, págs. 1-34 del recurso surge que el señor Goenagas Cintrón fue declarado culpable y convicto en los siguientes casos:
- Casos JLA93G0282, JLA93G0337, JLA93G0341, JLA93G0354 y JLA93G0280 ante el Tribunal de Primera Instancia, Sala de Ponce, por infracción al Art. 6 de la Ley de Armas (Ley 17-1951); Sentencia del 24 de septiembre de 1993; pena impuesta de tres (3) años de cárcel concurrentes entre si y concurrentes con los casos JLA93G0281, JLA93G0283,

NÚMERO IDENTIFICADOR

SEN2025_____

JLA93G0338, JLA93G0342, JLA93G0355, JPD93G0657, JPD93G0687, JPD93G0558, JPD93G0665 y JPD93G0559.

- Casos JLA93G0281, JLA93G0283, JLA93G0338, JLA93G0342, JLA93G0355, ante el Tribunal de Primera Instancia, Sala de Ponce, por infracción al Art. 8 de la Ley de Armas (Ley 17-1951); Sentencia del 24 de septiembre de 1993; pena impuesta de tres (3) años de cárcel concurrentes entre si y concurrentes con los casos JLA93G0280, JLA93G0282, JLA93G0337, JLA93G0341, JLA93G0354, JPD93G0657, JPD93G0687, JPD93G0558, JPD93G0665 y JPD93G0559.

- Casos JLA94G0335 y JLA94G0340, ante el Tribunal de Primera Instancia, Sala de Ponce, por infracción al Art. 6-A de la Ley de Armas (Ley 17-1951); Sentencia del 29 de agosto de 1994; pena impuesta de cinco (5) años de cárcel concurrentes entre si y concurrentes con los casos JVI94G0056, JPD94G0495, JPD94G0526, JPD94G0527, JPD94G0536, JPD94G0534, JPD94G0533, JOP94G0024, JLA94G0342, JLA94G0344, JLA94G0320, JLA94G0333, JLA94G0334, JLA94G0338, JLA94G0318, JLA94G0339, pero consecutivas con cualquier otra pena que estuviera cumpliendo.

-Casos JPD94G0495, JPD94G0527 y JPD94G0526, ante el Tribunal de Primera Instancia, Sala de Ponce, por el delito de Robo; Sentencia del 29 de agosto de 1994; pena impuesta de quince (15) años de cárcel concurrentes entre si y concurrentes con los casos JLA94G0318, JLA94G0320, JVI94G0056, JPD94G0536, JPD94G0534, JPD94G0533, JOP94G0024, JLA94G0342, JLA94G0344, JLA94G0340, JLA94G0338, JLA94G0339, JLA94G0333, JLA94G0335, JLA94G0334, pero consecutivas con cualquier otra pena que estuviera cumpliendo.

-Casos JPD94G0533, JPD94G0534 y JPD94G0536, ante el Tribunal de Primera Instancia, Sala de Ponce, por el delito de Robo; Sentencia del 29 de agosto de 1994; pena impuesta de quince (15) años de cárcel concurrentes entre si y concurrentes con los casos JLA94G0318, JLA94G0320, JVI94G0056, JPD94G0495, JPD94G0526, JPD94G0527, JOP94G0024, JLA94G0342, JLA94G0344, JLA94G0340, JLA94G0338, JLA94G0339, JLA94G0333, JLA94G0335, JLA94G0334, pero consecutivas con cualquier otra pena que estuviera cumpliendo.

- Caso J0P94G0024, ante el Tribunal de Primera Instancia, Sala de Ponce, por el delito de Conspiración; Sentencia del 29 de agosto de 1994; pena impuesta de tres (3) *años* de cárcel concurrentes entre si y concurrentes con los casos JVI94G0056, JPD94G0495, JPD94G0526, J2D94G0527, JPD94G0536, JPD94G0534, JPD94G0533, JLA94G0342, JLA94G0335, JLA94G0340, JLA94G0344, JLA94G0320, JLA94G0333, JLA94G0334, JLA94G0338, JLA94G0318 y JLA94G0339, pero consecutivas con cualquier otra pena que estuviera cumpliendo.

- Caso JVI94G0056, ante el Tribunal de Primera Instancia, Sala de Ponce, por el delito de Tentativa de Asesinato; Sentencia del 29 de agosto de 1994; pena impuesta de diez (10) años de cárcel concurrentes con los casos JOP94G0024, JPD94G0495, JPD94G0526, JPD94G0527, JPD94G0536, JPD94G0534, JPD94G0533, JLA94G0342, JLA94G0335, JLA94G0340, JLA94G0344, JLA94G0320, JLA94G0333, JLA94G0334, JLA94G0338, JLA94G0318 y JLA94G0339, pero consecutivas con cualquier otra pena que estuviera cumpliendo.

-Casos JPD93G0657, JPD93G0687, JPD93G0558, JPD93G0665 y JPD93G0559, ante el Tribunal de Primera Instancia, Sala de Ponce, por el delito de Robo; Sentencia del 24 de septiembre de 1993; pena impuesta de ocho (8) años de cárcel concurrentes entre si y con los casos JLA93G0280, JLA93G0282, JLA93G0337, JLA93G0341, JLA93G0354, JLA93G0281, JLA93G0283, JLA93G0338, JLA93G0342 y JLA93G0355.

-Casos JLA94G0338, JLA94G0342 y JLA94G0344, ante el Tribunal de Primera Instancia, Sala de Ponce, por infracción al Art. 8 de la Ley de Armas (Ley 17-1951); Sentencia del 29 de agosto de 1994; pena impuesta de tres (3) años de cárcel concurrentes entre si y con los casos JLA94G03l8, JVI94G0056, JPD94G0495, JPD94G0526, JPD94G0527, JPD94G0536, JPD94G0534, JPD94G0533, JOP94G0024, JLA94G0320, JLA94G0334, JLA94G0333, JLA94G0340, JLA94G0339 y JLA94G0335, pero consecutivos con cualquier otra pena que estuviera cumpliendo.

-Casos JLA94G0334, JLA94G0320 y JLA94G0333, ante el Tribunal de Primera Instancia, Sala de Ponce, por infracción al Art. 8 de la Ley de Armas (Ley 17-1951); Sentencia del 29 de agosto de 1994; pena impuesta de tres (3) años de cárcel concurrentes entre si y con los casos JLA94G0318, JVI94G0056, JPD94G0495, JPD94G0526, JPD94G0527, JPD94G0536, JPD94G0534, JPD94G0533, JOP94G0024, JOP94G0024, JLA94G0342,

Transcurrido un tiempo considerable de lo anterior, el 4 de junio de 2024, el señor Goenagas Cintrón presentó un escrito ante el TPI intitulado *Petición,* en el que afirmó que habían pasado más de cinco (5) años desde que cumplió las referidas sentencias. A su vez, sostuvo que, desde entonces, no había cometido delito alguno y gozaba de buena reputación en su comunidad. Por lo cual, solicitó que, de conformidad con la Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales, Ley Núm. 254 de 27 de julio de 1974, según enmendada, 34 LPRA 1725 *et seq.,* Ley Núm. 254-1974, y la Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal, Ley Núm. 143 de 26 de agosto de 2014, según enmendada, 4 LPRA 533 *et seq.,* se ordenara al Comisionado de la Policía: 1) eliminar las convicciones de su récord penal; 2) **así como cualquier fotografía, huellas dactilares y fichaje que se encontrase en los registros o archivos**. A su vez, peticionó la eliminación de las convicciones de los sistemas SIJC, NCIC, NICS y RCI y cualquier otro. Por último, solicitó que se eliminara la información relacionada al caso de la pantalla de *Consulta de Casos* del Portal de la Rama Judicial.

A raíz de ello, el 18 de julio de 2024, el TPI le ordenó a la parte peticionaria que presentara un certificado de antecedentes penales, que no excediera los seis (6) meses de haberse expedido. En esa misma fecha el foro primario le ordenó al Ministerio Público expresar su posición en cuanto a la referida *Petición.*

---

JLA94G0344, JLA94G0340, JLA94G0338, JLA94G0339, JLA94G0335, pero consecutivos con cualquier otra pena que estuviera cumpliendo.
- Casos JLA94G0318 y JLA94G0339, ante el Tribunal de Primera Instancia, Sala de Ponce, por infracción al Art. 6 de la Ley de Armas (Ley 17- 1951); Sentencia del 29 de agosto de 1994; pena impuesta de tres (3) años de cárcel concurrentes entre si y con los casos JVI94G0056, JPD94G0495, JPD94G0526, JPD94G0527, JPD94G0536, JPD94G0534, JPD94G0533, JOP94G0024, JLA94G0342, JLA94G0344, JLA94G0340, JLA94G0320, JLA94G0333, JLA94G0334, JLA94G0338 y JLA94G0335, pero consecutivos con cualquier otra pena que estuviera cumpliendo.

En cumplimiento, el 25 de julio de 2024, la parte peticionaria presentó el *Certificado Negativo de Antecedentes Penales*, más reiteró que su solicitud era a los fines de que se eliminase la información de los registros del Negociado de la Policía y del Departamento de Justicia.

Por otra parte, del expediente ante nos no surge si el Ministerio Público compareció según le fue ordenado.

En cualquier caso, el 1 de agosto de 2024, el TPI emitió una *Resolución Final* donde dispuso que, puesto que los delitos por los que fue sentenciado el peticionario no surgían del *Certificado Negativo de Antecedentes Penales*, nada tenía que resolver sobre ese particular, (no había remedio que conceder a este respecto pues el *Certificado* aludido comprobaba que ya había operado la eliminación de los antecedentes penales). Con relación a la solicitud de la devolución de las fotos y las huellas digitales, fundamentándose en la Ley 314 del 14 de septiembre de 2004, la cual enmendó la Ley Núm. 254-1974, *supra*, y la Ley de Huellas Digitales y Fotografías por Delito Grave, Ley 45 del 1 de junio de 1983, según enmendada, 25 LPRA 1151 *et seq.*, resolvió **que el señor Goenagas Cintrón fue sentenciado <u>y no absuelto</u> tras la celebración de un juicio o indultado, por lo que no procedía conceder el remedio solicitado**. (Énfasis y subrayado provistos). Sin embargo, el foro primario nada dispuso sobre la petición de eliminar la información de la pantalla de Consulta de Casos del Portal de la Rama Judicial.

Inconforme, el señor Goenagas Cintrón comparece ante nosotros mediante recurso de *certiorari,* planteando los siguientes errores:

> Erró el TPI al declarar No Ha Lugar la solicitud de devolución de fotos y huellas del compareciente, en contravención a las disposiciones de la Ley 143 de 26 de agosto de 2014.

> Erró el TPI al no ordenar la eliminación de los casos del portal cibernético del Poder Judicial.

En respuesta, la Oficina del Procurador General también compareció ante nosotros, en representación del Pueblo, mediante *Escrito en Cumplimiento de Orden.*

Como explicaremos, mientras esperábamos por el perfeccionamiento del recurso, nuestro Tribunal Supremo emitió una Opinión, *Santiago Cora v. ELA*, 2025 TSPR 44, que dispone de la controversia principal que nos toca dirimir.

## II. Exposición de Derecho

a.

La toma de fotografías y huellas dactilares a las personas detenidas para responder de un delito constituye una práctica aceptada en la labor investigativa de la policía. *Pueblo v. Torres Albertorio*, 115 DPR 128, 130 (1984); *Archevali v. ELA*, 110 DPR 767, 771 (1981). Esta tiene el propósito dual de identificar a la persona que incurrió en el acto delictivo y de ayudar a su procesamiento, si reincidiera. *Íd.*

La Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec. 1151 *et seq.*, Ley Núm. 45-1983, regula lo relativo a la práctica de la toma de huellas digitales y fotografías por parte de la Policía de Puerto Rico. El estatuto precitado autoriza al Superintendente de la Policía o cualquier persona autorizada por ley a tomar las huellas digitales y fotos a cualquier persona que, previa determinación de causa probable para arresto, se le impute la comisión de un delito grave. Art. 1 de la Ley Núm. 45-1983, 25 LPRA sec. 1151.

Ahora bien, el Art. 4 de la Ley Núm. 45-1983, 25 LPRA sec. 1154 dispone lo que sigue sobre cuándo una persona podrá solicitar al Tribunal **la devolución de las huellas digitales y fotografías**:

> Cualquier persona a la que se le impute la comisión de su delito grave o menos grave producto de una misma transacción o evento que resulte **absuelta luego del juicio correspondiente, o por orden o resolución del Tribunal o toda persona que reciba un indulto total y absoluto del Gobernador,** podrá solicitar al Tribunal, la devolución de las huellas digitales y fotografías. El peticionario notificará al Ministerio Publico y de éste no presentar objeción dentro del término de diez días, el Tribunal podrá ordenar,

sin vista, la devolución solicitada. De haber objeción del Ministerio Publico, el Tribunal señalará vista pública a esos efectos. (Énfasis provisto).

Como adelantamos, muy recientemente el Tribunal Supremo interpretó el alcance del Art. 4 de la Ley Núm. 45-1983, *supra*, en *Santiago Cora v. ELA*, supra. En ese sentido, nuestro alto foro dispuso lo siguiente:

> De una lectura del Art. 4 de la Ley Núm. 45, supra, se desprende que el legislador habilitó el mecanismo de devolución de fotos y huellas dactilares **únicamente para las personas que fueran absueltas o indultadas de forma total y absoluta por el Gobernador**. Íd. De hecho, al aprobarse inicialmente la Ley Núm. 45, supra, el estatuto solamente contemplaba que las personas absueltas podían solicitar la devolución de su información de fichaje. Posteriormente, a través de la Ley Núm. 4 de 22 de noviembre de 1989, se enmendó el Art. 4 de la Ley Núm. 45, supra, y se extendió este mecanismo para las personas que recibieran un indulto total y absoluto por parte del Gobernador. Al introducir esta enmienda, la Asamblea Legislativa consignó que: "[c]on el propósito de completar y darle vigencia real al acto del indulto, esta medida propone otorgarle al indultado el beneficio de solicitar la devolución de las huellas digitales y las fotografías que le fueron tomadas durante el proceso criminal". *Íd.* (Énfasis provisto).

Además, al decidir que el Estado puede retener las huellas dactilares y las fotografías tomadas durante el arresto, aunque de forma confidencial, nuestro Tribunal Supremo fundamentó su decisión en que la persona que extingue una sentencia criminal **no alberga una expectativa razonable de intimidad sobre dichos datos**. En palabras del propio Tribunal:

> Por un lado --en lo concerniente al proceso de toma de fotografías y huellas dactilares-- no es posible reconocer a la persona arrestada una expectativa subjetiva real de que su intimidad no se afecte. Por otro lado, se trata de un proceso tan avalado y rutinario que la sociedad no considera razonable albergar una expectativa de intimidad en esas circunstancias. Lo que sí podría reconocérsele a la persona exconvicta, al cumplirse los escenarios contemplados por la ley, es un derecho estatutario a que se le conceda el beneficio de eliminar su historial criminal del Certificado de Antecedentes Penales. Esto se reconoce como una cuestión de política pública y no como un derecho constitucional. Su propósito es propender a la reinserción social del individuo y evitar las trabas que pudiera propiciar la constancia pública de su conducta delictiva.
>
> […]
>
> Dado que no puede darse una dicotomía que anule los efectos de la Ley Núm. 314-2004, **las huellas dactilares y fotografías de las personas cuyo historial criminal ha sido borrado pueden permanecer retenidas siempre y cuando se mantengan bajo un estricto margen de confidencialidad.** Al custodiarse como un archivo confidencial, se elude el riesgo y los efectos nocivos que pudiera tener la divulgación de esta información en el ámbito de la vida privada del individuo.

Así pues, en el balance de los intereses en pugna, la protección de la seguridad pública supera cualquier incomodidad personal generada por la retención por parte del Estado de la información de identificación incidental al arresto válido. De ese modo, se logra mantener una base de datos robusta que le permite a las autoridades ejercer cabalmente su imprescindible labor investigativa para atajar la criminalidad. *Íd.* (Énfasis provisto).

b.

Por otra parte, la Carta Circular Núm. 2 del 29 de agosto de 2024 de la Oficina de Administración de los Tribunales contiene las directrices para atender las solicitudes de las personas interesadas en que se restrinja la publicidad de información de los sistemas de consulta en línea del portal de internet de la Rama Judicial. En lo pertinente, allí se dispone lo siguiente:

A. *Solicitudes al amparo de la Ley de Certificados de Antecedentes Penales*[2]

[...]

2. Restricción de publicidad de caso penal de los sistemas de consulta en línea, tras emitirse una determinación judicial que ordena se elimine la condena del certificado de antecedentes penales.

a. Tras emitirse una determinación judicial que ordena la eliminación de determinada condena del certificado de antecedentes penales, el Tribunal notificará copia de la orden a la Directoría de Informática de la OAT. Esta procederá a restringir la publicidad de dicha condena en los sistemas de consulta en línea del Poder Judicial. **La jueza o el juez del caso identificará en la determinación judicial los casos específicos cuya publicidad será restringida de los sistemas de consulta en línea del Poder Judicial**. Si la persona interesada en la restricción de la publicidad entiende que la determinación judicial omitió algún caso relacionado a la condena eliminada, podrá formular al Tribunal un planteamiento fundamentado al respecto mediante la presentación de una moción para la evaluación y decisión que en derecho proceda.

[...]

La restricción de publicidad de los sistemas de consulta en línea del Poder Judicial no equivale a la eliminación de la información de los registros físicos y electrónicos internos del Poder Judicial. Salvo los expedientes cuya confidencialidad es declarada por Ley u orden judicial, la naturaleza pública del expediente judicial permanecerá inalterada para todos los fines permitidos por Ley.

La administración ágil y eficiente de este proceso depende, en gran medida, de la inclusión de información correcta en las determinaciones judiciales. Por tanto, **los jueces y juezas deberán asegurarse de enviar a la Directoria de Informática de la OAT la información completa, incluyendo el nombre de la persona involucrada y los números de casos específicos cuya publicidad**

---

[2] Los Arts. 3 y 4 de la Ley de Certificados de Antecedentes Penales (34 LPRA secs. 1725a-1 y 1725a-2) sujetan la eliminación de la condena del récord penal a que la persona no se encuentre en los registros de personas declaradas culpables allí mencionados.

**de los sistemas de consulta en línea del Poder Judicial ordena restringir**. *Íd.* (Énfasis provisto).

## III. Aplicación del Derecho

El estado de derecho vigente nos revela, sin dificultad, el curso decisorio a ser tomado por este foro intermedio. Afirmamos así, pues se nos ha solicitado dilucidar la misma controversia que hace apenas unos meses nuestro Tribunal Supremo resolvió en *Santiago Cora v. ELA,* supra. En específico, en la referida Opinión el alto foro dio respuesta a la siguiente interrogante: si el Estado está obligado a devolver las fotografías de fichaje y las huellas dactilares de una persona que extinguió una sentencia penal, aunque luego lograra eliminar su convicción o convicciones del certificado de antecedentes penales. Nuestro foro de última instancia respondió en la negativa.

Al exponer en la Opinión citada los fundamentos para tal conclusión, se identificaron los siguientes: (1) que no cabe reconocer una expectativa razonable de intimidad sobre los datos de identificación obtenidos durante el curso de un arresto válido; (2) tampoco existe una obligación estatutaria de entregar fotos y huellas dactilares a la persona que cumplió una sentencia por la comisión de un delito, y; (3) esos datos son útiles para investigar crímenes futuros y el que no se pueda imputar reincidencia no altera esa realidad. Precisó el Tribunal Supremo que el Art. 4 de la Ley Núm. 45-1983, según enmendado, provee para la devolución de fotos y huellas dactilares **únicamente** a las personas: 1) que fueran *absueltas* o; 2) *indultadas* de forma total y absoluta por el Gobernador.

Entonces, dirigiendo nuestra mirada a la situación fáctica del caso ante nosotros, la juzgamos perfectamente equiparable a la descrita en *Santiago Cora v. ELA,* supra. En este caso, como allí, no hay controversia de que la parte peticionaria fue encontrada culpable por varios delitos, según los detallamos. De igual forma, no hay controversia de que, cumplidos los requisitos establecidos por la Ley Núm. 254-1974, eventualmente logró obtener un *Certificado Negativo de Antecedentes Penales*, es decir, consiguió

la eliminación de las convicciones en su récord penal. Sin embargo, tampoco hay controversia alguna de que el peticionario no resultó *absuelto,* sino que cumplió condena por la comisión de los delitos aludidos, ni fue posteriormente *indultado* por estos, a pesar de que eventualmente fueran borradas de su récord penal.

El Art. 4 de la Ley Núm. 45-1983, *supra,* **no** confiere el beneficio de la obtención de los datos de fichaje a quienes, como el peticionario, cumplieron condena por la comisión de delito. *Santiago Cora v. ELA,* supra. Además, la persona que extinguió una pena no alberga una expectativa razonable de intimidad frente al Estado sobre los datos de identificación accesorios a su arresto, (fotos y huellas dactilares obtenidas), de modo que el argumento sobre la presunta lesión al derecho a la intimidad en este caso tampoco prospera. *Íd.*

A pesar de lo hasta aquí dicho, cabe resaltar que en la citada Opinión el Tribunal Supremo también dispuso que, para dar plena vigencia a la Ley Núm. 254-1974, las huellas dactilares y fotografías de la persona cuyo historial criminal ha sido borrado pueden permanecer retenidas ***siempre y cuando se mantengan bajo un estricto margen de confidencialidad***. *Santiago Cora v. ELA,* supra.

b.

Como un segundo asunto el señor Goenagas Cintrón esgrime que, a pesar de haber solicitado al TPI que suprimiera la información de sus convicciones *que aparecen en el portal de internet de la Rama Judicial,* dicho foro nada dispuso sobre ello. Sobre lo cual el Procurador General opinó en el escrito que presentó ante nosotros, que le competía al Poder Judicial disponer sobre el asunto.

Primero, al examinar las comparecencias de las partes en donde discutieron este asunto, notamos que ambas hicieron referencia al Memorando Núm. 49 de 1 de octubre de 2014 de la Oficina de Administración de Tribunales (OAT). Sin embargo, tal memorando fue

dejado sin efecto por la Carta Circular Núm. 2 de la OAT, que es la vigente, según la citamos en la exposición de derecho.

Aclarado lo anterior, afirmamos que tiene razón el señor Goenagas Cintrón al identificar que la referida Carta Circular Núm. 2 dispone para restringir la publicidad de las condenas en el sistema de consulta en línea del Poder Judicial, una vez el Tribunal ha ordenado la eliminación de estas en el certificado de antecedentes penales. Entonces, por cuanto en el caso ante nosotros, en efecto, fue presentado ante el TPI el *Certificado Negativo de Antecedentes Penales* del señor Goenagas Cintrón, corresponde ordenar el cumplimiento del proceso descrito en la citada Carta Circular, como paso previo a restringir la publicidad de las condenas en el sistema en línea del Poder Judicial.

A tenor, la Carta Circular instruye al TPI a que, comprobada la eliminación de las condenas del certificado de antecedentes penales, (asunto ya superado), entonces ***le notifique una copia de la orden a la Directoría de Informática de la OAT***, para que proceda a restringir la publicidad de dicha condena en los sistemas de consulta de casos del Poder Judicial. Además, el mismo documento manda a que la jueza o el juez del caso ***identifique en la determinación judicial los casos específicos cuya publicidad será restringida de los sistemas de consulta en línea del Poder Judicial***. Los dos pasos ennegrecidos en las oraciones que preceden no han sido cumplidos, y ello requiere que ordenemos devolver el asunto al TPI para que proceda a ello.

**IV. Parte Dispositiva**

Por los fundamentos expuestos, expedimos el auto solicitado y modificamos la *Resolución* recurrida, a los únicos fines de ordenar la devolución del caso al TPI para que de cumplimiento al proceso establecido por la Carta Circular Núm. 2, según aquí discutido, como proceso previo a restringir la publicidad de las condenas del señor Goenagas Cintrón en el sistema en línea del Poder Judicial. Con relación a la determinación del foro

recurrido en términos de que **no** se autoriza la devolución de fotos y huellas dactilares solicitadas por el señor Goenagas Cintrón, *Confirmamos*. No obstante, se debe salvaguardar el carácter de confidencialidad dichos datos, según lo aquí explicado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones