ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**LUISA BRUNILDA RONDÓN ACOSTA**<br><br>Peticionario | TA2025CE00528 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Crim. Núm.:<br>**F LE2022G0150**<br><br>Sobre: Art. 3.1 Ley 54 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Comparece ante este Foro, Luisa Brunilda Rondón Acosta (Rondón Acosta o parte peticionaria) y solicita que revisemos la *Orden* que emitió el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina, el 29 de agosto de 2025. Por medio del dictamen recurrido, el foro *a quo* declaró *no ha lugar* la moción al amparo de la Regla 185 de Procedimiento Criminal en solicitud de devolución de fotos, huellas y ficha policial presentada por la parte peticionaria.

Por las razones que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

### I.

Según surge del expediente, el 12 de octubre de 2023, tras la celebración de un juicio por jurado, Rondón Acosta fue encontrada culpable por infracción al Artículo 3.1 de la *Ley para la Prevención e Intervención con la Violencia Doméstica,* Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 631 (Ley Núm. 54).

En una *Resolución* emitida el 16 de enero de 2024, el Tribunal de Primera Instancia cualificó a Rondón Acosta para el beneficio de libertad a prueba, sujeto a que participara en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en una relación, por el término de 18 a 36 meses. El 20 de marzo de 2025, el TPI dictó *Sentencia*, mediante la cual ordenó la exoneración y el sobreseimiento del caso, luego de que Rondón Acosta cumpliera las condiciones del Programa de Desvío que establece el Artículo 3.6 de la Ley Núm. 54.

El **8 de abril de 2025**, Rondón Acosta instó, por derecho propio, una *Moción Solicitando Devolución de Fotos y Huellas* ante el foro de instancia, conforme la Ley Núm. 45 del 1 de junio de 1983, según enmendada, 25 LPRA sec. 1154 (Ley Núm. 45). En esta, solicitó que se ordenara a la Policía de Puerto Rico entregar todas las fotos y huellas que tuviera bajo su poder y custodia que fueron obtenidas en el caso.

El Ministerio Público se opuso a lo anterior, bajo el fundamento de que la solicitud de Rondón Acosta no cumplió con lo dispuesto en la Ley Núm. 45. Así, cimentado en *Archevali v. E.L.A.*, 110 DPR 767, 771 (1981), argumentó que no procedía la devolución de fotos y huellas, toda vez que, en el caso de epígrafe, Rondón Acosta fue encontrada culpable del delito imputado. Puntualizó que las fotos y huellas sirven para la aplicación de una posible reincidencia, además de que constituyen instrumentos investigativos indispensables que son parte de la base de datos de la Policía de Puerto Rico.

Evaluadas ambas posturas, el TPI denegó la solicitud de Rondón Acosta por medio de una *Orden* dictada el **28 de abril de 2025, notificada el 30 de abril de 2025**.[1]

---

[1] Esta determinación fue directamente notificada a Rondón Acosta.

El **12 de junio de 2025**, Rondón Acosta, esta vez por conducto de su representante legal, incoó una *Urgente Moción Solicitando Eliminación de Huellas Dactilares, Fotografías y Fichas Policiales tras Cumplimiento de Programa de Desvío y Archivo del Caso*. Arguyó que fue admitida a un programa de desvío y, tras cumplir con todas las condiciones impuestas, el Tribunal ordenó el archivo y sobreseimiento del caso. Sin embargo, adujo que persistían en los archivos de la Policía de Puerto Rico y otras agencias estatales las huellas dactilares, fotografías y fichas policiales relacionadas al proceso penal archivado. Añadió que previamente solicitó por derecho propio al TPI la eliminación de dicha información, pero le fue denegado. Destacó que en esa ocasión su representación legal no fue notificada de la moción en oposición del Ministerio Público, ni de la *Orden* del Tribunal denegando su petitorio. Así, requirió que se ordenara a la Policía de Puerto Rico y a cualquier otra agencia la eliminación inmediata de la información relacionada al proceso penal archivado.

En una *Orden* del 16 de junio de 2025, el foro de instancia concedió 10 días al Ministerio Público para expresarse en torno a la petición de Rondón Acosta, pero este no compareció. **El 30 de julio de 2025**, **notificada el 4 de agosto de 2025**, el Tribunal dictó una *Orden* y nuevamente declaró *No Ha Lugar* la solicitud concernida.

El **14 de agosto de 2025**, Rondón Acosta instó una *Moción Urgentísima al Amparo de la Regla 185 de Procedimiento Criminal Solicitando Relevo por Falta de Notificación y Eliminación de Huellas Dactilares, Fotografías y Ficha Policial*. En esta **tercera ocasión**, reiteró su petitorio de eliminación de fotos y huellas e hizo hincapié en que, en la primera moción que presentó por derecho propio sobre este asunto, el Ministerio Público no le notificó su oposición, ni el Tribunal le notificó la determinación a su abogada. Por tanto, razonó que la falta de notificación la privó de la oportunidad de presentar

argumentos y evidencia en apoyo a su solicitud, constituyendo una violación al debido proceso de ley garantizado por la Constitución de Puerto Rico y Estado Unidos.

Atendido lo anterior, el **29 de agosto de 2025**, el foro *a quo* notificó una *Orden*, mediante la cual declaró *No Ha Lugar* la solicitud de Rondón Acosta e hizo constar que en el caso F LE2022G0151 esta fue encontrada culpable.

En desacuerdo, Rondón Acosta recurre ante nos en recurso de *certiorari* y plantea que el Tribunal de Primera Instancia cometió los siguientes errores:

1. Erró el Tribunal de Primera Instancia al denegar la eliminación de huellas y récord de arresto después de haber dictado sentencia de archivo definitivo del caso bajo el programa de desvío post convicción del Artículo 3.06 de la Ley Núm. 54 de 1989, privando al peticionario del derecho expreso a la devolución de sus récords y del efecto rehabilitador pleno que dicha disposición persigue.

2. Erró el foro *a quo* al interpretar que la convicción previa bajo la Ley Núm. 54 de 1989 constituye un impedimento legal para la remoción de huellas y récord de arresto, contrariando directamente el Artículo 3.06 de la Ley Núm. 54 de 1989 y el efecto legal de su propia sentencia de archivo definitivo, que expresamente concede el derecho a la devolución de huellas y fotografías a la persona exonerada tras el sobreseimiento del caso, y establece que la sentencia sobreseída no se considerará como una convicción a tales fines.

Mediante *Resolución* emitida el 2 de octubre de 2025, concedimos un término de 10 días a la Oficina del Procurador General, en representación del Pueblo de Puerto Rico (parte recurrida), para fijar su posición. Esta compareció por medio de una *Solicitud de Desestimación* presentada el 14 de octubre de 2025. Alega que este Foro no ostenta jurisdicción para atender el recurso de referencia, toda vez que Rondón Acosta lo presentó fuera del término de 30 días de cumplimiento estricto aplicable y tampoco demostró justa causa para la demora. En específico, arguye que, desde la notificación del 30 de abril de 2025, Rondón Acosta debió

solicitar la reconsideración o acudir ante este Tribunal de Apelaciones, pero no lo hizo, por lo que la misma advino final y firme.

Rondón Acosta se opuso a lo anterior y en esencia esboza que, a su entender, bajo las circunstancias excepcionales del caso, resulta imperativo que consideremos el recurso para evitar un fracaso de la justicia.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso

---

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Por otra parte, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Metro Senior v. AFV,* 209 DPR 203 (2022); *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385-386 (2020)*; Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico,* 204 DPR 89, 109 (2020). En ese sentido, los tribunales deben ser celosos guardianes de su jurisdicción y no pueden asumirla donde no la tienen. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma tardía. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015). La Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *supra,* págs. 49-50, dispone que el recurso de *certiorari* debe presentarse dentro de los 30 días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Además, especifica que dicho término es de cumplimiento estricto.

El Tribunal Supremo de Puerto Rico ha establecido que, contrario a los términos jurisdiccionales, los términos de cumplimiento estricto admiten ser prorrogados. Sin embargo, la extensión de los términos no puede concederse arbitrariamente. Véase, *Febles v. Romar,* 159 DPR 714 (2003). Por ende, la concesión

de una prórroga debe acreditarse con causa justificada, sustentada con "explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable". *Lugo v. Suárez,* 165 DPR 729, 738-739 (2005). En fin, cuando una parte recurre solamente a vaguedades o planteamientos estereotipados para sustentar su solicitud, no procederá prorrogar un término de cumplimiento estricto. Véase, *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560 (2000).

En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, págs. 115-116, nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

### III.

Procedemos a atender con primacía el asunto jurisdiccional traído a nuestra atención por la parte recurrida. Específicamente, esta alega que el recurso de epígrafe se presentó de forma tardía, por lo que resulta forzoso desestimarlo. Le asiste la razón. Veamos.

En su comparecencia, la parte peticionaria impugna la *Orden* notificada por el TPI el **29 de agosto de 2025**, por medio de la cual se le denegó la *Moción Urgentísima al Amparo de la Regla 185 de Procedimiento Criminal Solicitando Relevo por Falta de Notificación y Eliminación de Huellas Dactilares, Fotografías y Ficha Policial* que presentó el **14 de agosto de 2025**. Sn embargo, tras un detenido y pormenorizado análisis del expediente, resulta forzoso concluir que el recurso de referencia se presentó tardíamente.

En la mencionada moción del 14 de agosto de 2025, la parte peticionaria solicitó, por tercera ocasión, que se ordenara a la Policía de Puerto Rico y a cualquier otra agencia la eliminación inmediata de la información relacionada al proceso penal archivado. No obstante, el récord revela que este petitorio fue realizado por la parte

peticionaria en dos (2) ocasiones anteriores, las cuales fueron atendidas por el TPI. En particular, el foro *a quo* le denegó la idéntica solicitud que presentó por derecho propio mediante una *Orden* correctamente notificada el **30 de abril de 2025**. Esta no solicitó la reconsideración del pronunciamiento, por lo que desde dicha fecha comenzó a transcurrir el término aplicable para acudir ante este Foro.

Por tanto, la parte peticionaria contaba con 30 días, de cumplimiento estricto, desde la notificación de la *Orden* notificada el 30 de abril de 2025 para instar su recurso de *certiorari*. Esto es, hasta el **30 de mayo de 2025**. Al haber comparecido ante nos el **29 de septiembre de 2025**, sin detallar, exponer ni sustentar la causa justificada para la dilación, carecemos de discreción para atender los méritos del recurso de referencia. En consecuencia, solo nos compete desestimarlo.

### IV.

Por las consideraciones que preceden, se declara *Ha Lugar* la *Solicitud de Desestimación* instada por la Oficina del Procurador General, en representación del Pueblo de Puerto Rico. Procede la desestimación del recurso por falta de jurisdicción. Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y lo manda el Tribunal y lo certifica la Secretaria

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones